Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| RADAMÉS JORDÁN ORTIZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES CONDOMINIO DOS MARINAS 1, CONSEJO DE TITULARES COND. DOS MARINAS 1<br><br>Recurrida | KLRA202500214 | REVISIÓN ADMINISTRATIVA procedente del Departamento de Asuntos del Consumidor, Regional Ponce<br><br>Querella núm.: C-PON-2024-0005634<br><br>Sobre: Ley de Condominios de Puerto Rico, Ley núm. 129 de 16 de agosto de 2020 |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece ante este tribunal apelativo, el Sr. Radamés Jordán Ortiz (señor Jordán Ortiz o el recurrente) mediante el *Recurso de Revisión* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 4 de febrero de 2025, notificada el mismo día. Mediante este dictamen, el foro administrativo ordenó el cierre y archivo de la querella instada por el señor Jordán Ortiz contra el Consejo de Titulares del Condominio Dos Marinas (Consejo de Titulares o los recurridos) por este tener una deuda por concepto de derrama, lo que le impide incoar el reclamo.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

### I.

El 21 de octubre de 2024, el recurrente instó una querella ante el DACo en contra de la Junta de Directores y el Consejo de

Número Identificador

SEN2025_____

Titulares del Condominio Dos Marinas I (parte recurrida). En esta, alegó que la parte recurrida incurrió en violación a la *Ley de Condominios*, Ley núm. 129 de 16 de agosto de 2020, 31 LPRA sec. 1921, *et seq.* (Ley núm. 129-2020), al: (1) instalar terminales de recarga para vehículo eléctricos en áreas comunes de forma unilateral y sin aprobación del Consejo de Titulares, (2) aumentar las cuotas de mantenimiento sin autorización, y (3) cobrar intereses sobre la cuota de mantenimiento ilegalmente. Agregó que, dichos actos constituyen violaciones a la Ley núm. 129-2020; así como al Reglamento Núm. 9386, del 6 de junio de 2022,[1] lo que resulta perjudicial a la comunidad y a los titulares, más alteran las condiciones originales del contrato (entiéndase Escritura de Compraventa). Como anejos incluyó la Escritura Núm. 62 sobre Compraventa, otorgada el 28 de junio de 2005, y el *Customer Transaction History* para el periodo del 16 de julio al 16 de octubre de 2024.

El 27 de diciembre de 2024, el DACo notificó la citación de una vista administrativa por videoconferencia a celebrarse el 17 de enero de 2025. Un día antes, el 16 de enero, la parte recurrida instó ante el foro administrativo una *Moción Solicitando Desestimación de la Querella por Deuda de Derrama con el Condominio* en la que expresó que el señor Jordán Ortiz debe $5,000 por aportaciones a los gastos comunes lo que, según el Artículo 65 de la Ley núm. 129-2020, *supra*, y la Sección 25 inciso (II) subinciso (6) del Reglamento Núm. 9386, le impiden presentar una querella ante la agencia. Incluyó el documento intitulado *Certificación de Deuda* emitido por la Asociación de Condómines Dos Marina Uno, el 16 de enero de 2025. Expuso, además, que es un requisito de estricto cumplimiento

---

[1] Entendemos que el recurrente hace referencia a este Reglamento.

estar al día con todas las obligaciones para que proceda un reclamo; por lo que, solicitó la desestimación de la querella.

Así las cosas, el 4 de febrero de 2025, notificada el mismo día, el DACo emitió la *Resolución* recurrida en la que atendió la reclamación sumariamente al no existir controversias de hechos. Entre las determinaciones de hechos, el foro recurrido estableció que:

> ...
>
> 3. Mediante Certificación de Deuda expedida por la parte querellada el 16 de enero de 2025 la parte querellada certifica que la querellante tiene una deuda con el Consejo de Titulares del Condominio Marinas I por la cantidad de $5,000.00 dólares por concepto de derrama impagada a la fecha de la presentación de la querella de epígrafe.
>
> 4. La parte querellante presentó una impugnación de dicha derrama ante este Departamento el 9 de mayo de 2024 bajo el número de caso C-SAN-2024-0018796. En dicho caso el Departamento emitió Resolución el 9 de diciembre de 2024 ordenando a la parte querellante a cumplir con el pago de dicha derrama.
>
> ...

A base de lo anterior, el foro administrativo concluyó que el señor Jordán Ortiz tiene una deuda por concepto de derrama, lo que viola lo dispuesto en el Artículo 65 de la Ley de Condominios, *infra*, y la Sección 27 del Reglamento Núm. 9386, *infra*, e impide dilucidar la controversia. Esto, debido a que "para tener acceso a este foro para impugnar las actuaciones u omisiones de la Junta de Directores, es menester no tener deudas con el Consejo de Titulares excepto cuando la impugnación sea para cuestionar la alegada deuda".

Por lo que, ordenó el cierre y archivo de la querella instada por el recurrente.

El 24 de febrero de 2025, el señor Jordán Ortiz presentó una reconsideración en la que argumentó, entre varios asuntos, que: no reconoce la deuda alegada por la parte recurrida, que el DACo carece de jurisdicción para atender asuntos sobre Pólizas de Seguros, que

se le violó el proceso de ley al no celebrarse la vista y ser escuchado, que el DACo no puede adjudicar la querella como cosa juzgada al estar el asunto presentado ante el tribunal, y que no le dio oportunidad para replicar al petitorio desestimatorio. Esta moción de reconsideración no fue atendida por el DACo, por lo que se entiende rechazada de plano.

Inconforme con el dictamen, el recurrente acude ante esta *Curia* imputándole al foro administrativo haber incurrido en los siguientes errores:[2]

> ERRÓ EL DACO AL EMITIR LA RESOLUCIÓN EXISTIENDO CONTROVERSIAS DE HECHOS RESPECTO A LA DEUDA POR DERRAMA, POR LO QUE, SU DECISIÓN NO SE BASA EN EVIDENCIA SUSTANCIAL DEL EXPEDIENTE.
>
> ERRÓ EL DACO AL EMITIR LA RESOLUCIÓN SIN CONCEDERLE EL DERECHO A LA VISTA, PRESENTAR PRUEBA, CAREARSE CON LOS TESTIGOS E IMPUGNAR LAS ALEGACIONES DE LA PARTE RECURRIDA.
>
> ERRÓ EL DACO AL CONSIDERAR LA DEUDA DE LA DERRAMA PARA EMITIR SU DETERMINACIÓN CUANDO ES UNA MATERIA EXCLUSIVA DEL COMISIONADO DE SEGUROS MÁXIME CUANDO, ANTE LA INSISTENCIA DE LA JUNTA, INSTÓ UNA CASO ANTE EL TRIBUNAL PARA HACER VALER SU DERECHO COMO TITULAR.

El 22 de abril de 2025, emitimos una *Resolución* concediendo a la parte recurrida el término de treinta (30) días para expresarse. Asimismo, le ordenamos al DACo elevar el expediente administrativo del caso del epígrafe.

El 8 de mayo, el DACo cumplió con lo ordenado. A su vez, el 9 de mayo la parte recurrida presentó un escrito intitulado *Moción Solicitando Desestimación por falta de Jurisdicción por falta de Notificación Adecuada.* En síntesis, argumentó que el recurrente remitió las notificaciones por correo certificado el 15 de abril de

---

[2] Advertimos que el recurrente no incluyó en su escrito los errores; sin embargo, acorde con lo expresado en el escrito, reformulamos los errores imputados por este.

2025, fuera del término de cumplimiento estricto para notificar y sin aducir causa justificada.

El 14 de mayo de 2025, emitimos una *Resolución* concediéndole a la parte recurrente el término de diez (10) días para que se exprese con relación al referido petitorio desestimatorio. El 27 de mayo de 2025, se cumplió con lo ordenado mediante un escrito intitulado *Moción en Cumplimiento de Resolución.*

Analizado el antedicho pedido desestimatorio; así como el derecho aplicable, procedemos a resolver.

**II.**

**Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe, et al.,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el recurso. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra, a la pág. 537. Es por ello que, como celosos guardianes de nuestro poder de

intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Systems Analysis, Inc.* supra.

Asimismo, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1), dispone que una parte podrá solicitar en cualquier momento la desestimación de un recurso por razón de que el Tribunal de Apelaciones carece de jurisdicción.

Por otra parte, en la práctica procesal apelativa existe un conjunto de normas que rigen estos procedimientos. En esencia, esto implica que, aun cuando haya derecho a recurrir determinaciones, las reglas en cuanto al perfeccionamiento de los recursos deben cumplirse rigurosamente y, claro está, su cumplimiento no puede estar al arbitrio de las partes o sus abogados. *Freire Ruiz v. Morales Román,* 214 DPR ___ (2024), 2024 TSPR 129. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 104-105 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Véase, además, *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013).

Nuestro Tribunal Supremo ha indicado que "[p]ara el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesaria la oportuna presentación y la notificación del escrito a las partes apeladas". *Freire Ruiz v. Morales Román, supra; González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019). De igual manera, ha reiterado que la falta de notificación de un recurso priva de jurisdicción al tribunal y conlleva su desestimación. *Freire Ruiz v. Morales Román, supra; González Pagán v. SLG Moret-Brunet, supra,* a las páginas 1071-1072.

De otro lado, la Regla 58 (B) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58(B)(1), establece que la

parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y la hora de su presentación **a los abogados o las abogadas de récord del trámite administrativo** o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, **dentro del término para presentar el recurso, siendo este un término de cumplimiento estricto.** Nótese que el periodo para cumplir con la notificación del recurso a las partes; así como al foro apelado, se clasifica como un término de cumplimiento estricto. Ello quiere decir que, cualquier tardanza o dilación, tiene que **justificarse debidamente al momento de acreditar tal notificación al foro apelativo, pues de no mediar justa causa el recurso tendría que desestimarse**. *Freire Ruiz v. Morales Román, supra.* (Énfasis nuestro)

Es norma reiterada que la acreditación de justa causa no se cumple con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Freire Ruiz v. Morales Román, supra; García Remis v. Serallés,* 157 DPR 250,254 (2007); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 565 (2000); *Arriaga v. F.S.E.*, 145 DPR 122, 132 (1998).

Es decir, que los tribunales solo pueden flexibilizar los términos de cumplimiento estricto cuando la parte que incidió en ello: (1) en efecto, tuvo justa causa para la dilación y (2) demuestre de manera detallada, acreditando al tribunal, las bases razonables que dieron paso a la dilación. *Rojas v. Axtmayer Ent., Inc., supra,* 565.

**III.**

Nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, previo a entrar a considerar los méritos del recurso.[3]

Así pues, primariamente consideramos el planteamiento señalado en la *Moción Solicitando Desestimación por falta de Jurisdicción por falta de Notificación Adecuada* incoada por la recurrida. En esta, se expone que carecemos de jurisdicción para atender el caso, toda vez que el señor Jordán Ortiz notificó el recurso a las partes fuera del término de cumplimiento estricto y sin acreditar la justa causa que motivó la dilación de la notificación.

De la evaluación del trámite apelativo surge, que el señor Jordán Ortiz, acudió ante esta *Curia* mediante un recurso de revisión judicial el 10 de abril de 2025, último día del término jurisdiccional, solicitando que revisemos la *Resolución* dictada y notificada por el DACo el 4 de febrero de 2025. **A su vez, este tenía hasta esta fecha para notificar, por igual, la presentación del recurso a las partes recurridas y a la agencia**.

No obstante, en la *Moción Solicitando Desestimación por Falta de Jurisdicción por Falta de Notificación Adecuada* se demuestra, en las hojas de correo certificado, así como en los matasellos, que la notificación del recurso al representante legal de la parte recurrida se efectuó el 15 de abril de 2025, en exceso del término dispuesto en la normativa. Sobre este punto, advertimos que el recurrente, en el escrito intitulado *Certificación de Notificación*, presentado el 21 de abril de 2025 ante este foro intermedio, solamente expresó que había notificado a las partes por correo certificado con acuse de recibo y detalló cuatro (4) números correspondientes a cada envío.

---

[3] Véase, *Shell v. Srio. Hacienda*, 187 DPR 109 (2012); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012); y *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1 (2011).

Esto, sin incluir copia de las hojas de correo certificado ni los matasellos relacionados a los referidos números. Notamos que, dos (2) de estos, coinciden con las hojas de correo certificado y los matasellos incluidos como anejos en el referido pedido desestimatorio.

Al respecto, precisa recalcar que la Regla 58 (B)(1) del Reglamento del Tribunal de Apelaciones, *supra,* establece que la parte recurrente notificará el escrito de revisión **a la representación legal de las partes que conste en récord del trámite administrativo** o, en su defecto, a las partes, así como a la agencia **dentro del término para presentar el recurso**. En cuanto al término de notificación a las partes, como es sabido, es de cumplimiento estricto. De manera que, contrario al jurisdiccional, el de cumplimiento estricto admite extensión solo si media causa justificada.

Ahora bien, en el escrito intitulado *Moción en Cumplimiento de Resolución,* el recurrente no presenta razón alguna que justifique el incumplimiento con el término para notificar a las partes el mismo día de presentación del recurso. Limitó sus argumentos al hecho de que la parte recurrida, en su petitorio desestimatorio, reconoció que el recurso se presentó dentro de término ante el Tribunal de Apelaciones. Sin embargo, no fundamentó ni presentó justa causa para excusar su incumplimiento con la notificación a las partes en el plazo que mandata la antedicha norma reglamentaria.

Enfatizamos que, un término de cumplimiento estricto, no se puede prorrogar automáticamente. Para que los tribunales podamos eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes dos condiciones: (1) que exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación. Por ende, ausente la justa causa y carente

de una expresión que detalle dicho incumplimiento, no gozamos de discreción para prorrogar el término de cumplimiento estricto en cuestión.

Asimismo, advertimos que era responsabilidad del recurrente demostrar justa causa, mediante explicaciones concretas y particulares, que excusara su falta de observancia con el término de cumplimiento estricto y así, nos permitiera prorrogar el plazo. De hecho, en *Soto Pino v. Uno Radio Group*, supra, nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto." (Énfasis en el original y nuestro). *Íd.*, a la pág. 97. Véase, además, *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

A tenor del derecho previamente esbozado, reiteramos que el señor Jordán Ortiz falló en demostrar justa causa para el incumplimiento en la notificación al representante legal de la parte recurrida, según le requerimos. Más aún, faltó al deber de aducirla en el escrito intitulado *Certificación de Notificación*, presentado el 21 de abril de 2025, ante este tribunal revisor.

De igual manera, es importante apuntalar que es norma claramente establecida que las partes, incluso los que comparecen por derecho propio, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos, y su inobservancia puede dar lugar a la desestimación. *Febles v. Romar*, 159 DPR 714, 722 (2003); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003).

En fin, la inobservancia procesal antes señalada, imposibilita el debido perfeccionamiento del recurso. Siendo ello así, estamos impedidos de atender sus méritos por carecer de jurisdicción. En conclusión, procede la desestimación del recurso de epígrafe por falta de jurisdicción, por lo que carecemos de autoridad para

atenderlo en los méritos. Recordemos que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede asumir la jurisdicción que no ostenta.

**IV.**

Por los fundamentos antes expuestos, declaramos *Ha Lugar* a la *Moción Solicitando Desestimación por Falta de Jurisdicción por falta de Notificación Adecuada*, instada por la parte recurrida y, en consecuencia, se desestima el recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones